[Filed June 18, 1892.]

## D. F. CAMPBELL *v.* E. E. McKINNEY.

SUIT FOR ACCOUNTING—FACTS EXAMINED—CASE IN JUDGMENT.—The court having examined the evidence, and re-stated the account between the parties, finds there was no error in the decree of the court below.

Marion county. R. P. BOISE, Judge.

Plaintiff appeals.   Affirmed.

*L. L. McArthur,* for Appellant.

*W. M. Kaiser,* and *Tilmon Ford,* for Respondent.

BEAN, J.—This is a suit for an accounting, and arises out of the following facts: On April 3, 1886, plaintiff being in failing circumstances, and unable to promptly pay his debts, agreed with defendant, that, in consideration of defendant's assuming and paying certain of his debts, and furnishing money to improve and carry on his farm, he would convey to defendant the farm as security for the amount of the debt so assumed and money advanced. In pursuance of this agreement, the farm was conveyed to defendant, and he assumed and paid the following debts of plaintiff: note and mortgage of Mrs. L. A. Cox, three thousand six hundred and fifty dollars; note of Mrs. S. E. Smith, six hundred and fifty dollars; note of J. Q. Wilson, seven hundred and thirty-five dollars; judgment of J. L. Follansby, one hundred dollars, and purchasing title of Q. A. Grubbe, sixty-five dollars,—making a total of five thousand three hundred and twenty-five dollars. On the same day defendant leased the farm to plaintiff for a term of four years at the annual rental of five hundred and thirty dollars, and it was agreed and so expressed in the lease, that the produce of the farm during the term of the lease should belong to and be the property of the defendant, and should be disposed of by him, the proceeds thereof being credited on the amount of the indebtedness, and interest thereon assumed by defendant, and money advanced for working and carrying on the farm. Under this arrangement, the farm was cultivated until 1889; and to settle the account between the parties, this suit was instituted. From time to time since the making of the agreement in April, 1886, defendant has rendered and delivered to plaintiff itemized statements of the account between them; and some few of the items going to make up the debit side of this account are disputed by plaintiff, but from an examination of the evidence, it seems to us that all the items of this account, except the charge of three hundred and eighty-seven dollars and fifty cents for interest, and of five dollars

paid Mr. Ford for advice, are properly chargeable against plaintiff.

The principal controversy between the parties in this suit, is as to the credit plaintiff should receive for produce delivered, and pasturage and board furnished. There is no controversy as to the quantity of produce delivered; nor is there any dispute but that defendant has properly credited plaintiff with the entire amount received by him from the sale of the same; but it is contended by plaintiff that defendant did not exercise proper care and attention in the sale of the produce, especially the hops, and should therefore be charged with the difference between the amount received and what he should have received, amounting, as plaintiff contends, to about one thousand five hundred dollars. We have examined the entire evidence on this question, and are satisfied that after the hops were delivered to him, defendant exercised all the care, attention, and diligence the law requires or demands in disposing of them, and realizing the best market price, and therefore should only be charged with the amount actually received, except for three thousand one hundred and eighty-two pounds of hops delivered to him in 1887. In this last instance, it appears that plaintiff contracted his entire hop crop for fifteen cents per pound, prior to picking; but at defendant's instance and urgent demand, the contract was cancelled, and the hops delivered to him; and we think, therefore, he should account to plaintiff for the hops at fifteen cents per pound, although, by the exercise of the utmost diligence, he did not realize that sum for them. If he did not desire to assume this responsibility, he should have allowed the contract to stand.

There is a difference of ninety dollars and thirty-nine cents between the parties as to the value of the oats delivered to defendant; and the evidence seems to be in plaintiff's favor on this question. The disputed items in the pasturage account are, pasturing one hundred and fifty head of

sheep two months, fifteen dollars; keeping twenty steers two years, one hundred and seventy-five dollars, and keeping thirteen head of cows and their increase for four years, three hundred and twelve dollars. By the terms of the lease of April 3, 1886, plaintiff was to pasture and care for the twenty head of steers and the cows and their increase without charge to defendant, receiving as his compensation therefor the milk and butter from the cows and one-half of their increase; and we do not think this provision of the lease was afterward modified, as plaintiff claims. Plaintiff has received by credit on his account, the value of one-half of the increase from the cows, as provided in the lease, and therefore is not entitled to charge for keeping either the steers or the cows. The charge plaintiff makes against defendant for board is evidently a thought that occurred to him after this dispute arose, and is without merit.

On December 5, 1888, by mutual consent of the parties, sixty acres of the farm was sold to one Cone for three thousand six hundred dollars, one thousand dollars in cash being paid to defendant, and the remainder being secured by note and mortgage in defendant's favor, due five years after date, which, in the absence of a showing to the contrary, we must assume is worth its face, and therefore plaintiff was on that day entitled to a credit on the amount of indebtedness assumed for him of three thousand six hundred dollars.

We have concluded defendant is not entitled to interest on the money advanced by him for carrying on the farm, because the value of the produce received by him about equalled the money advanced, and the interest on one would offset the interest on the other; but he is certainly entitled to interest on the money advanced to pay indebtedness, or interest on the face of the indebtedness assumed, which perhaps would be the better way of stating the account. But however we state the account, giving plaintiff the benefit of all the items above suggested, as well as disallowing

the claim of two hundred and eighty-eight dollars on the Cone bond, there still remained due defendant at the time of the rendition of the decree in the court below a sum equal if not in excess of the amount allowed, and the decree is affirmed.